# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD IDEN,

    Plaintiff

v.

HERNANDEZ, et. al.,

    Defendants

Case No.: 3:21-cv-00389-MMD-WGC

**Order**

Re: ECF No. 5

    Plaintiff has filed a motion for preliminary injunction. (ECF No. 5.) The Attorney General entered a limited notice of appearance (ECF NO. 13) and filed a response (ECF No. 12). Plaintiff filed a reply brief. (ECF No. 15.)

    Plaintiff is proceeding with an Eighth Amendment failure to protect and First Amendment retaliation claim. Plaintiff alleges that he has sought to add enemies to his list, but Ely State Prison (ESP) officials have ignored his requests. Now, Plaintiff has been told he will be transferred to High Desert State Prison (HDSP). Plaintiff claims that his life will be in danger if he is transferred to HDSP because he has enemies there, and seeks a preliminary injunction precluding his transfer.

    After reviewing the briefing, the court concludes for the reasons set forth below that it requires further information to make a recommendation on Plaintiff's motion, and that a hearing is warranted.

    Plaintiff's motion includes several kites and a grievance he filed on this issue. In response to his first kite, Plaintiff was told that the caseworker would enter the names into NDOC's NOTIS system, but he would need to be seen by a full classification committee (FCC) to have the names formally added.

The response filed by the Attorney General's Office includes a case note indicating Plaintiff had a FCC review on September 2, 2021. The note states that the committee recommends further investigation by the caseworker and institutional investigators "due to the appearance that the inmate is trying to manipulate an institutional transfer and his current and future housing." (ECF No. 12-1 at 2.) There is no indication in the response as to whether this investigation took place, and if so, the results of the investigation. Within **14 days** of the date of this Order, Defendants shall file a notice and relevant evidence regarding whether such an investigation took place, and if not, provide an explanation as to why no investigation was conducted. If an investigation did take place, the notice shall describe the results of the investigation and whether any enemies have been added to Plaintiff's list. If it contains sensitive information, it may be filed under seal, but Plaintiff must be given an opportunity to kite the warden's office to review the filing.

In addition, Plaintiff's kites name the following inmates that Plaintiff seeks to have added to his enemy list: Christian Rodriguez, Robert Spangler, Shawn K. Brown, William Rivera, Jacob Pochigan, Raymond Jackson, Anthony Brooks, and Rayshawn Coleman.

Plaintiff's kites state that he heard that Brooks offered Rodriguez and Spangler $100 to "stick" Plaintiff. NDOC's website reflects that Brooks and Rodriguez are at HDSP. Plaintiff provides no other details about this alleged threat.

Plaintiff's kites state that Raymond Jackson threatened his life. Raymond Jackson is also at HDSP. Plaintiff provides no details about when this threat occurred or how it was conveyed or what in particular was said.

Plaintiff's kites and motion provide no details about the threats from Brown, Rivera, and Pochigan.

Finally, Plaintiff's kites state that Rayshawn Coleman threatened Plaintiff, and Coleman is somehow related to Demarlo Berry. The court could not locate Rayshawn Coleman through NDOC's inmate search function on its website, but it could be that the name is misspelled. Plaintiff maintains that Coleman is at HDSP. In any event, while Plaintiff's motion does not explain his connection with Demarlo Berry, his motion includes as an exhibit an order authorizing the taking of Plaintiff's deposition in case 2:19-cv-00640-APG-NJK, *Demarlo Berry v. Las Vegas Metropolitan Police Department (LVMPD), et. al.*. (ECF No. 5 at 21 in this case.) The court reviewed the docket in case 2:19-cv-00640-APG-NJK. The complaint in that case alleges that Plaintiff Iden falsely testified that Berry had confessed to a murder, which resulted in Berry being convicted and imprisoned. The complaint goes on to allege that another person subsequently confessed to that murder, and Plaintiff Iden ultimately recanted his testimony. Berry's conviction was vacated, the charges against him were dropped, and he was released from prison in 2017.

Berry filed a lawsuit in case 2:19-cv-00640-APG-NJK, for his unlawful arrest, imprisonment and conviction against LVMPD and others. The parties to that case filed a joint motion to depose Plaintiff Iden, which was granted. (ECF No. 5 at 21.) It is unclear whether the deposition was taken, but the case was subsequently dismissed with prejudice pursuant to a stipulation, indicating the parties reached a settlement.

Plaintiff does not state how Coleman and Berry are related, or whether Plaintiff has received or heard of any threats of some sort of retribution related to the Berry case.

The court will give Plaintiff **14 days** from the date of this Order to file **under seal**[1] a supplement to his motion which gives additional specific details that demonstrate that he faces a risk of harm from these inmates.

The court will enter a separate order setting this matter for a hearing.

**IT IS SO ORDERED**.

Dated: November 4, 2021

_____
William G. Cobb
United States Magistrate Judge

---

[1] Per Local Rule IA 10-5(a) The supplement shall be titled "Supplement Filed under Seal Per Court Order dated November 4, 2021." While filed under seal from the public, the sealed document should be served on the Attorney General's Office. LR IA 10-5(c); LR IC 4-1(c).